**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 06-4795**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

NICHOLAS JERMAINE WILLIAMS, a/k/a NIC NIC,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  William L. Osteen, Senior District Judge.  (1:06-cr-00029-WLO)

_____

Submitted: January 25, 2007          Decided:  January 31, 2007

_____

Before WIDENER and MICHAEL, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Jason Goins, Asheboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Sandra J. Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nicholas Jermaine Williams pled guilty to distributing forty-three grams of cocaine base (crack) in August 2005, 21 U.S.C.A. § 841(a), (b)(1)(B) (West 1999 & Supp. 2006), and received a sentence of 120 months imprisonment. At his sentencing hearing, Williams agreed that the advisory guideline range set out in the presentence report was correctly calculated. He requested a sentence below the range based on his cooperation with authorities and his desire to be with his family. However, the court imposed a sentence within the guideline range. On appeal, Williams contends that the district court violated his Sixth Amendment and due process rights because the calculation of both his base offense level and criminal history score took into account conduct that was not charged in the indictment or admitted by him. He also argues that the alleged error rendered the sentence unreasonable. Because Williams did not challenge his sentence on constitutional grounds in the district court, we review the constitutional claim for plain error, United States v. Hughes, 401 F.3d 540, 547-48 (4th Cir. 2005). Finding no such error, we conclude that the sentence is reasonable, and affirm.

Following the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), the sentencing court is required to calculate the appropriate advisory guideline range after making any necessary findings of fact, and consider the range

in conjunction with all relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006), before imposing a sentence. <u>Hughes</u>, 401 F.3d at 546-47. The district court followed this procedure in Williams' case. No Sixth Amendment error occurred. Moreover, the district court did not plainly err in adopting the presentence report, which took into account Williams' first sale of crack to a confidential informant in May 2005 (three months before the instant offense) to determine the drug quantity and to assess two criminal history points for an offense committed within two years of Williams' release from imprisonment in July 2003. Thus, Williams has failed to show that his sentence was unreasonable due to error in the calculation of the guideline range.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>